RECEIVED
02/24/2025
KELLY L. STEPHENS, Clerk

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT COURT

### CASE NO. 24-19545

IN RE:

CHRISTOPHER D. WYMAN,

DEBTOR.

_____/

MICHAEL E. TINDALL,

           Appellant,

v.

SAMUEL D. SWEET, TRUSTEE,

           Appellee.

_____/

DISTRICT COURT. NO. 23-10171
HON. DENISE PAGE HOOD

BANKRUPTCY CASE NO. 12-32264
CHAPTER 7
HON. DANIEL S. OPPERMAN

### <u>APPELLEE'S BRIEF ON APPEAL</u>

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................. iv

STATEMENT OF JURISDICTION ..................................................... 1

STATEMENT OF ISSUES PRESENTED ........................................... 1

STANDARD OF REVIEW .................................................................. 4

STATEMENT OF UNDISPUTED RECORD FACTS ........................ 4

ARGUMENT ....................................................................................... 7

1. Ed Mich LBR 2014-1(c) is "VOID" as it directly contradicts/violates Fed. R. Bank Pro. 5003(a), 9021, and 9029 by permitting appointment of an ATTORNEY FOR TRUSTEE by "deemed order", without the entry of a written order [ISSUE 1]……………………………………………...7

2. A written and entered order expressly retaining "special counsel" for a TRUSTEE, under 11 U.S.C. 328, "pre-approves" the fee of "special counsel". Such an order is NOT subject to further discretion of the bankruptcy court, under 11 U.S.C. 330, post entry. Further modification of a Section 328 order requires the person objecting/seeking modification [post approval] prove, by preponderance of the evidence: (a) that a "subsequent development" [post approval] occurred; and, (b) the "subsequent development" was "not capable of being anticipated" at the time the original retention of special counsel was approved, under 11 U.S.C. 328(a). [ISSUE 2]…………………………………………9

3. Proceeds of the sale of bankruptcy estate assets secured by a state law lien must be distributed to the lienholder – in full payment of the lien – under established priorities in the Bankruptcy Code before any payment of administrative fees, expenses or charges [priority or non-priority] may be made. [ISSUE 3]…………………………………………….……11

4. Case No. 12-03348, DE 418 and DE 422 (amending DE 418) are "VOID" because; (a) the Bankruptcy Court had no jurisdiction to enter them; and/or (b) each is "structurally defective" as they were entered in violation of Barbara Duggan's due process rights. [ISSUES 4, 5,

6].................................................................................12

5. A "Qualified Immunity/Derivative Immunity" Affirmative Defense cannot be raised, sua sponte by the Bankruptcy Court more than one year AFTER being waived by the Defendant; and, then retroactively applied more than three years AFTER waiver to deny Summary Judgment to Plaintiff and grant Summary Judgment to Defendant (a) without FRCP 15(a)(2) MOTION, by Defendant, to AMEND his ANSWER; and, (b) without granting leave to amend, as required by the Rule. [ISSUES 7, 8, 9, 11].................................................................................16

6. The Bankruptcy Court lacked Article III power to grant Summary Judgment in Case Nos. 19-03018 and 20-03012 [ISSUE 10].................................................................................20

7. The District Court erred by denying Appellant's 28 U.S.C. 144 NOTICE, BRIEF AND CERTIFICATION OF DISQUALIFICATION OF HON. DENISE PAGE HOOD, DC DE 33. [ISSUE 12].................................................................................23

CONCLUSION AND RELIEF REQUESTED – UNDER ARGUMENTS

KEY TO RECORD REFERENCES

DE- BANKRUPTCY COURT DOCKET ENTRY
DC DE – DISTRICT COURT DOCKET ENTRY

# TABLE OF AUTHORITIES

## FEDERAL STATUTES:

11 USC 328 ................................................................................................ 9, 11

11 USC 330 ................................................................................................... 9

## FEDERAL COURT RULES:

FRCP 41(a)(2) ......................................................................................... 13, 14

FRBP 2014 ................................................................................................... 9

FRBP 7041 .................................................................................................. 13

FRBP 9024 .................................................................................................. 14

ED MI LBR 2014-1(c) .................................................................................. 9

## FEDERAL CASES:

*Ritzen Group, Inc. v Jackson Masonry, LLC*, 589 US_____, 140 S. Ct. 582 (2020) 8

*Bullard v Blue Hills Bank*, 575 US 496 (2015) ................................... 11, 12

*Rodriguez v Hirschberg Acceptance Corp.*, 62 F. 4th 270 (6th Cir. 2023) .............. 13

*Johnson v Bell*, 605 Fd. 3rd 333 (6th Cir. 2010) ........................................ 15

*Summe v Kenton Cty. Clerk's Office*, 604 F. 3rd 257 (6th Cir. 2010) .................... 19

*Haskell v Washington Township*, 864 F. 2nd 1266 (6th Cir. 1988) .......... 19

*Juzman-Riviera v Riviera-Cruze*, 98 Fed. 3rd 664 (1st Cir. 1996) ........... 20

*Langenkamp v Culp*, 498 US 42 (1990) ............................................... 21, 22

*Katchen v Landy*, 382 US 323 (1996) ...................................................... 21

*Granfinanciera, SA v Nordberg*, 492 US 33 (1989) .................................. 21

*Gordiner v NJ*, 329 US 565 (1947) .......................................................... 23

*Easley v University of Michigan Bd., Bd. of Regents*, 853 F.2d 1351 (6th Cir. 1988) ................................................................................................ 23, 24

## STATEMENT OF JURISDICTION

The Court has jurisdiction over this appeal from Bankruptcy Court.

## STATEMENT OF ISSUES PRESENTED

1. Whether ED Mich LBR 2014-1(c) authorizing the appointment of an ATTORNEY FOR TRUSTEE, by "deemed order", without formal entry of an order required under FRBP 5003(a), 9021 and 9029 is valid.

2. Whether 11 U.S.C. 328 give a bankruptcy court "discretion" to review pre-approved contractual contingent attorney fees to special counsel, under 11 U.S.C. 330, where:

   a. No "subsequent development" to the retention is identified/proved; and/or

   b. No proof that any such "subsequent development" was "<u>incapable</u> of being anticipated at the time the engagement was approved" is made/established.

3. Whether a bankruptcy court can order a distribution of sale proceeds, secured by a state law lien that does not follow the basic priority established by the Bankruptcy Code.

4. Whether DE 422, entered October 13, 2017, is "VOID" as entered without jurisdiction; and/or "structurally defective", in violation of an unrepresented litigant's due process rights.

5. Whether the "reasonable time" requirement in FRCP 60(c) applies to a

"VOID" order entered without jurisdiction; and/or a "structurally defective" order due in violation of an unrepresented litigant's due process rights.

6. Whether FRCP 16(a), (c) and (f) and FRCP 37(b):

   (a) abrogate an unrepresented litigant's due process rights; and/or,

   (b) may be applied to penalize an unrepresented litigant whose due process rights have been violated; and/or,

   (c) may be applied to justify entry of an order without jurisdiction.

7. Whether the bankruptcy court erred by granting summary judgment to Appellee, on grounds of the affirmative defense "qualified immunity", where the affirmative defense was waived three years before [in Case No. 19-03018, DE 30] on April 9, 2019.

8. Whether the bankruptcy court erred by permitting Appellee to rely, and, relying itself, on an affirmative defense of "immunity", as grounds for summary judgment, that:

   (a) DID NOT exist on the date the summary judgment motion was filed [Case No. 19-03018, DE 88, 9/20/22], having been waived April 9, 2019 [Case No. 19-03018, DE 30];

   (b) DID NOT exist on the date Appellant's response to the summary judgment motion was filed [Case No. 19-03018, DE 89, 10/12/22];

   (c) was NOT filed until October 21, 2022 [Case No. 19-03018, DE 93]; and,

(d) was filed, as an amendment to Case No. 19-03018, DE 30, without first

seeking and obtaining leave, as required by FRCP 15(a)(2).

9. Whether the bankruptcy court erred by raising the affirmative defense of "immunity" sua sponte, and, directing SWEET to move for summary judgment asserting it, on September 30, 2020 [Case No. 20-03012, DE 44, P 4, n 2], and, again, on March 17, 2021 [Case No. 20-03012, DE 79, P 2], after SWEET waived that affirmative defense, under FRCP 8(c) on March 16, 2020 [Case No. 20-03012, DE 25, 26]:

    a. where Appellee failed to seek leave to amend, under FRCP 15(a)(2);

10. Whether, the bankruptcy court erred by entering summary judgment on a "statutory core" matter over which the bankruptcy court lacked Article III power to enter a final judgment in Case Nos. 19-03018 and 20-03012.

11. Whether the bankruptcy court erred by denying Appellant's FRCP 59(e) motion to Alter/Amend the summary judgment.

12. Whether the district court erred by denying Appellant's 28 U.S.C. 144 NOTICE, BRIEF AND CERTIFICATION OF DISQUALIFICATION OF HON. DENISE PAGE HOOD, DC DE 33.

## STANDARD OF REVIEW

The standard of review to all issues except the disqualification of a District Court Judge is Denovo. The standard of review to disqualify a District Judge is abuse of discretion.

## UPDATED FACTS

The facts of this case are not disputed and a matter of record. The Bankruptcy case of Christopher D. Wyman, Debtor, began with a voluntary Chapter 7 petition on May 24, 2012. See Bankruptcy Docket Entry (DE) 1 – 12-32264. Michael Mason (Mason) was appointed the duly qualified and acting Chapter 7 Bankruptcy Trustee just after the filing. DE 8 - 12-32264. Prior to the bankruptcy filing Michael Tindall (Tindall), on behalf of Barbra Duggan (Duggan) obtained a judgment against the Debtor. Subsequent to the entry of said judgment, a Notice of judgment Lien was filed against the real property located at 1011 Jones Rd, Howell, MI.

Just after the filing of this bankruptcy, Tindall was employed by the Trustee as special council. DE 63 - 12-32264. Tindall began an action to avoid a fraudulent transfer from the Debtor to Michelle Pichler (Pichler). DE 1 - 12- 03348. The Adversary Proceeding was brought in the name of Mason and Duggan as Plaintiffs. This matter pended for many years and took many twists and turns. During the

4

pendency of this Case Mason retired and Samuel Sweet was appointed the Chapter 7 Trustee in this matter. DE 150 - 12-32264. Another twist in this Case that should be highlighted and provides this Court with a flavor for this matter, is the time that Tindall was deemed to have committed Fraud on the Court related to a discovery issue. DE 422 - 12-03348. During the pendency of this matter Tindall was disbarred for Fraud and filing frivolous Claims, unrelated to this matter on September 20, 2017.

After the disbarment of Tindall, Samuel Sweet began representing the Estate in this and at least 3 other Adversary Proceedings. With respect to Adversary Proceeding No. 12-3348 against Pichler, the matter was resolved by receiving a deed from Pichler on February 23, 2018. At that point, the property at 1011 Jones Rd, Howell MI became property of the estate.

Trustee then began working on the other Adversary Proceedings in an attempt to resolve same. In June of 2018, an agreement was reached with Diana Gentry and the Debtor to resolve all pending matters. The real property on Jones Rd was sold to Gentry for $65,000.00 and the remaining Adversary Proceedings were dismissed. DE 212 - 12-32264. To effectuate the agreement to sell, the Trustee filed a Motion to Sell and served the Notice upon all creditors including Barbara Duggan and Michael Tindall. DE 176. Subsequently and after Tindall filed a Notice of Claim of Interest at the Register of Deeds related to the Jones Road property, the Trustee

filed an amended motion to transfer said interest to the proceeds of sale under Section 363(f) of the Bankruptcy Code. DE 182. Both Barbara Duggan and Michael Tindall filed objections to said Motion, giving both parties a second bite at the apple. DE 185, 186. A hearing was held related to the objection of the parties and overruled. The Court approved the sale and agreement with Gentry in full. DE 212. The sale of the property closed on May 29, 2019. Upon closing, Duggan/Tindall was paid the full amount of their claim together with interest. As a side note, during the pendency of this sale, Tindall claims to have received a transfer of a portion of the Duggan claim. DE 201 - 12-32264. As such, despite being disbarred, Tindall remains as a litigant in the case.

Samuel Sweet filed an application for fees as attorney for the Trustee. These fees were approved via court order on January 28, 2022 in the full amount of $21,800.00 and expenses of $181.00 (DE 346 in Case #12-32264). In conjunction with this fee application Mr. Tindall filed his fee application as special counsel for the Trustee and requested $34,000.00 in fees, despite accomplishing nothing in the many years of litigation in which he was engaged and committing fraud on the court relative to one of those adversary proceedings initiated. Those fees are pending and have not been ruled upon.

The Bankruptcy Court made a partial ruling relative to DE 391 in case no. 12-32264 and DE 390 in case no. 12-32264 that specifically provided that his fees

should be reduced by the amount of fees approved for counsel for the Trustee in completing the tasks that he was employed to accomplish. Also, the court determined that the amount of fees that Mr. Tindall could apply for would be capped at approximately $21,000.00 which was 1/3 of the amounts collected, however, the court has not entered a final order as to Mr. Tindall's fees. The rulings by the bankruptcy court are not final and an appeal of them is improper at this time.

## **ARGUMENT**

1. Whether ED Mich LBR 2014-1(c) authorizing the appointment of an ATTORNEY FOR TRUSTEE, by "deemed order", without formal entry of an order required under FRBP 5003(a), 9021 and 9029 is valid.

<u>Issue 1 Analysis</u>

This specific issue relates to the fee order for Samuel D. Sweet as Attorney for the Trustee, approved by the Bankruptcy Court's order dated January 28, 2022, Samuel D. Sweet, Attorney for Trustee fees were approved for $21,800.00. This order appears at Docket No. 346 of the bankruptcy case. Mr. Tindall raised the issue in the application for fees presented by Samuel D. Sweet for first and final fees as Attorney for the Trustee that the Applicant had not obtained a court order authorizing his employment but had merely relied upon the Local Rule which

indicated that when a Trustee is representing themselves, they may utilize a deemed order by the filing of an Affidavit of Disinterestedness. The bankruptcy court considered this argument and ruled against Mr. Tindall relative to his argument of the deemed order. That order for first and final fees of Attorney for Trustee, Samuel D. Sweet, was not appealed until January of 2023 long after the required appeal period had lapsed.

As a result, the Appellee believes that Mr. Tindall has missed his opportunity to appeal this order and as a result this issue should be ruled in the Trustees favor. Pursuant to Bankruptcy Rule 8002, a litigant has fourteen (14) days from the entry and docketing of an order to file their notice of appeal for it to be considered a timely appeal. In this case, Mr. Tindall took approximately one (1) year to file this appeal relative to this orders entry. Pursuant to *Ritzen Group, Inc. v. Jackson Masonry, LLC*, 589 US _____, 140 S. Ct. 582 (2020), in a bankruptcy case there are multiple final orders relative to specific issues raised. In particular, fee applications, which in fact, are final fee applications are considered final orders. A fee application for an attorney is its own procedural unit and results in a final order. Ritzen Group, Inc. Under *Ritzen Group, Inc. v Jackson Masonry, LLC*, 589 US \_\_\_\_, 140 S. Ct. 582 (2020), the Supreme Court developed a two part test as to whether an order is final. First, one must identify the complete, unitary procedural unit, and second, one must ask whether the court conclusively and definitively resolved it. In this

case a final fee application, resolves the fees of an applicant and fixes his/her claim in the estate/case. In this case, the actual application which gave rise to the order as identified herein, specifically provided that the order was a final order and final fees were to be approved. As such, it is the Trustee's position that this order was not appealed timely and should not be considered at this point.

Should the Court not agree with the Appellee's reasoning, the Trustee would argue that the Local Rules are approved by all bankruptcy judges and by the District Court. There is a written order that approves these local rules that is filed with the Bankruptcy Clerk's office. As a result, there is an order that approves the employment pursuant to the Local Rules. Unfortunately, Appellant may not understand or realize that this is how Local Rules are effectuated. As a result of the foregoing, it must be determined that the Local Rule Eastern District LBR 2014(1)(c) does not violate other bankruptcy rules or procedures.

Bankruptcy Rule 2014 is not inconsistent with the Local Bankruptcy Rules and specifically does not require a separate order be entered for the employment of counsel, when a "deemed Order" is approved by the Court.

2.    Whether 11 U.S.C. 328 give a bankruptcy court "discretion" to review pre-approved contractual contingent attorney fees to special counsel, under 11 U.S.C. 330, where:

c. No "subsequent development" to the retention is identified/proved; and/or

d. No proof that any such "subsequent development" was "<u>incapable</u> of being anticipated at the time the engagement was approved" is made/established.

## Issue 2 Analysis

Mr. Tindall was disbarred on September 20, 2017. He began his employment in 2012 upon the filing of this case, as Special Counsel for Michael Mason, the then Chapter 7 Trustee. The Application and Order specifically provided that special counsel, must apply for fees and the bankruptcy court may review same.

The order, in fact, provides that the bankruptcy court must approve the fees of counsel. Further, the court may allow an amount based upon facts not known at the time or facts which accrue post application. Mr. Tindall was disbarred during the course of his employment. This accrued post application and constitutes a subsequent event. Unfortunately, Mr. Tindall did not advise Mr. Mason of a pending grievance which eventually resulted in his disbarment on September 20, 2017. Mr. Tindall could not complete his employment in this matter and in fact collected no monies. These specifics clearly constitute a subsequent event, and an event which could not have been known at the time of the filing unless Mr. Tindall provided this information to Mr. mason or the Bankruptcy court. Clearly Mr. Tindall did not provide this information and as a result, this information was not ascertainable. Should the court award Mr. Tindall fees based upon work which had not been completed? Mr. Tindall could have, the day after the order was entered,

simply retired, completed no work on this case and requested fees in the amount of 1/3 of any money which would subsequently have been collected. This cannot possibly be the standard of law given Section 328 of the Bankruptcy Code and in all cases this Court and the bankruptcy court have the ability to review these fees for reasonableness and to determine whether the appropriate work was approved by the applicant.

Unfortunately, while I believe this Court will eventually rule against Mr. Tindall with respect to issue number 2, it appears as though this is an interlocutory appeal which has not been allowed. The only order which is a final order is the order approving the fees of Samuel D. Sweet. A final order relative to the fees of Michael Tindall has not been entered. There has been an opinion, but it is not a final order until his final order for fees is entered. There have been various opinions as to how his fees should be calculated, unfortunately, they are all interlocutory until his final fee order is entered. Under *Bullard v Blue Hills* Bank, 575 US 496 (2015), an order became final when the order definitively resolves a discrete dispute in the overarching bankruptcy case. Id @501. In this case, there is no order and the opinion isn't final. As a result, I don't believe this issue is right before this court and it should be dismissed given the order is not final.

3.      Whether a bankruptcy court can order a distribution of sale proceeds, secured by a state law lien that does not follow the basic priority established by the

Bankruptcy Code.

Issue 3 Analysis

On March 17, 2021, the Bankruptcy Court ruled that Barbara Duggan's secured claim was paid in full (DE 78 of #20-3012). Any lien or claim of lien by the Appellant, specifically, must come through the claim of Barbara Duggan. Mr. Tindall would have no separate claim of lien outside of the Duggan claim. Unfortunately, he failed to assert that lien. Under *Bullard v Blue Hills Bank*, 575 US 496 (2015), and order becomes final when it dispenses a discrete dispute.

Appellant is attempting to collectively attack the Bankruptcy Court order, which was filed on March 17, 2021 and never appealed.

This order was never appealed by Mr. Tindall and the time to do so has lapsed under Bankruptcy Rule 8002(a) the time for taking such an appeal is 14 days from the entry of a final order. That final order was entered on March 17, 2021. This appeal was not taken until January 23, 2023. This issue on appeal is untimely.

4.  Whether DE 422, entered October 13, 2017, is "VOID" as entered without jurisdiction; and/or "structurally defective", in violation of an unrepresented litigant's due process rights.

5.  Whether the "reasonable time" requirement in FRCP 60(c) applies to a "VOID" order entered without jurisdiction; and/or a "structurally defective" order

due in violation of an unrepresented litigant's due process rights.

6.    Whether FRCP 16(a), (c) and (f) and FRCP 37(b):

(d) abrogate an unrepresented litigant's due process rights; and/or,

(e) may be applied to penalize an unrepresented litigant whose due process rights have been violated; and/or,

(f) may be applied to justify entry of an order without jurisdiction.

## Issue 4, 5 & 6 Analysis

In examining Adversary Proceeding 12-03348, before the bankruptcy court, it is obvious that the action filed is simply an action to avoid a transfer from the Debtor to Michelle Pichler.   As a result, the requested action was for the entry of an order avoiding this transfer and conveying the property back into the estate.

The dismissal order specifically provided that the property was to be transferred back to the bankruptcy estate.   As a result, the Defendant in this case, Michelle Pichler, consented to the relief requested.   Under *Rodriguez v Hirschberg Acceptance Corp.*, 62 F. 4th 270 (6th Cir. 2023) this case was a case between two parties that did not agree.   They had issues with respect to the dismissal process and one party wished to continue on.   In the case at bar, Pichler and the Trustee agreed to the relief requested in the Complaint and the property was transferred back to the estate and the case dismissed as a procedural matter.   Under Bankruptcy Rule 7041, which specifically relates to Federal Rule of Civil Procedure 41 - Dismissal of

13

Actions, the bankruptcy court dismissed this case pursuant to Federal Rule of Civil Procedure 41(a)(2), when in fact, the parties agreed and entered a stipulation to dismiss this case as the relief requested was approved by both the Plaintiff and the Defendant.

Appellant makes much of the fact that a previous appeal was held relative to an administrative closing of this matter. Unfortunately, in this case, a motion was pending to set the judgment aside pursuant to Bankruptcy Rule 9024 given the fraud on the court that was perpetrated by Mr. Tindall. Unfortunately, the bankruptcy court did examine this issue and found Mr. Tindall was in fact guilty of fraud on the court and as such, set the original judgment aside. As a result of this, we had a pending action which required some resolution. The parties stipulated to entry of an order which transferred the property back to the bankruptcy estate avoiding the transfer and dismissing the action. The bankruptcy court clearly had subject matter jurisdiction given the fraud on the court that was perpetrated against the court by Mr. Tindall in the setting aside of the judgment pending in this matter.

Further, Appellant believes that docket entries 418 and 422 of Adversary Proceeding 12-03348 violate the due process rights of Barbara Duggan.

Pursuant to 20-03012, Barbara Duggan has been paid in full and her claim is satisfied pursuant to this final order.

Barbara Duggan was provided with the opportunity to obtain counsel and she chose not to. She, in fact, did not take action to set this order aside nor did she take any other action in this case. Mr. Tindall has taken this up on her behalf or through some transfer of claim. *Rodriguez* is not similar to the facts of this case and should not be considered. Appellants claim that the bankruptcy court lacked subject matter jurisdiction is an attempt to avoid the very fraud that Appellant was guilty of perpetrating. Under *Johnson v Bell*, 605 Fd. 3rd 333 (6th Cir. 2010), the bankruptcy court has authority to enforce or review its orders and judgments.

Mr. Tindall has claimed that Ms. Duggan was not represented. There is no evidence with respect to this matter other than Mr. Tindall's disbarment. There is no affidavit from Ms. Duggan. There is no letter or other writing of any kind from Ms. Duggan that she was unrepresented and that she claims that somehow this has affected her rights. Ms. Duggan was represented by counsel, Elie Bejjani, throughout the course of this case after Mr. Tindall's disbarment.

Ms. Duggan was paid in full from the sale proceeds. This matter is undisputable and in fact the Trustee paid based upon a payoff letter from Ms. Duggan with respect to the amount that was owed. This Brief attempts to claim that Ms. Duggan's rights were somehow affected or compromised. Unfortunately, Mr. Tindall does not represent Ms. Duggan, however, these claims appear to be the claims of counsel for Ms. Duggan. Unfortunately, counsel for Ms. Duggan has

never claimed this nor ever raised any issues with respect to any compromised rights throughout this case. Mr. Tindall did in fact purchase a portion of the claim of Ms. Duggan then eventually the full amount of Ms. Duggan's claim. This is a problematic transaction, at a minimum, however, Mr. Tindall appears to be claiming through that purchase that, somehow, he has some legitimate standing to assert that the rights of Ms. Duggan were somehow affected despite the fact that she was paid in full.

The Bankruptcy Court gave Ms. Duggan ample opportunity to find counsel. Ms. Duggan did in fact eventually find counsel and was paid in full. There seems to be no harm or issue with respect to any alleged rights that Mr. Tindall claims were affected. As a result, the Trustee must request that this issue be decided in the estates favor.

7. Whether the bankruptcy court erred by granting summary judgment to Appellee, on grounds of the affirmative defense "qualified immunity", where the affirmative defense was waived three years before [in Case No. 19-03018, DE 30] on April 9, 2019.

8. Whether the bankruptcy court erred by permitting Appellee to rely, and, relying itself, on an affirmative defense of "immunity", as grounds for summary judgment, that:

(e) DID NOT exist on the date the summary judgment motion was filed [Case No. 19-03018, DE 88, 9/20/22], having been waived April 9, 2019 [Case No. 19-03018, DE 30];

(f) DID NOT exist on the date Appellant's response to the summary judgment motion was filed [Case No. 19-03018, DE 89, 10/12/22];

(g) was NOT filed until October 21, 2022 [Case No. 19-03018, DE 93]; and,

(h) was filed, as an amendment to Case No. 19-03018, DE 30, without first seeking and obtaining leave, as required by FRCP 15(a)(2).

9.  Whether the bankruptcy court erred by raising the affirmative defense of "immunity" sua sponte, and, directing SWEET to move for summary judgment asserting it, on September 30, 2020 [Case No. 20-03012, DE 44, P 4, n 2], and, again, on March 17, 2021 [Case No. 20-03012, DE 79, P 2], after SWEET waived that affirmative defense, under FRCP 8(c) on March 16, 2020 [Case No. 20-03012, DE 25, 26]:

    b.  where Appellee failed to seek leave to amend, under FRCP 15(a)(2);

11. Whether the bankruptcy court erred by denying Appellant's FRCP 59(e) motion to Alter/Amend the summary judgment.

<u>Issue 7, 8, 9 & 11 Analysis</u>

In both the Adversary Proceeding 19-03018 and 20-03012, the claims for breach of fiduciary duty were brought as counter claims by Barbara Duggan. Each case is largely the same and specifically claims that I breached my fiduciary duty by selling certain property by court order and resolving various claims in the case.

In Adversary Proceeding No. 20-03012, the Appellee brought an immediate motion to dismiss based upon immunity. That motion was filed on March 16, 2020 soon after the complaint was filed. That motion to dismiss was filed at DE 24 of 20-03012. That pleading was filed in conjunction with an answer to counter claims.

Additionally, in this adversary proceeding the Trustee filed a motion for summary judgment (DE 46 in Adversary Proceeding No. 20-03012) given that was the courts determination as a better approach to resolving these claims than the motion to dismiss. That motion for summary judgment was specifically based upon immunity.

Based upon the motion for summary judgment filed the bankruptcy court entered an opinion dismissing the counter claims of Appellant on March 17, 2021. No appeal was taken with respect to that opinion and now Appellant appears to be collaterally attempting to attack that decision.

Pursuant to Adversary Proceeding No. 19-03018 in the bankruptcy court, an immediate motion for summary judgement in docket entries 44 and 49 of that

adversary proceeding was filed identifying immunity as a defense. No surprise was levied upon Appellant as almost immediately the claim of immunity was raised as a defense in this adversary proceeding. On October 31, 2021, Appellee amended their affirmative defenses pursuant to docket entry 93 in Adversary Proceeding No. 19-03018. Additionally, Appellant filed a motion to strike affirmative defenses on November 8, 2022 and that is identified in docket entry 99 of Adversary Proceeding No. 19-03018.

Pursuant to *Summe v Kenton Cty. Clerk's Office*, 604 F. 3rd at 257 (6th Cir. 2010), the failure to raise qualified immunity as a defense can waive that immunity. Also, *Haskell v Washington Township*, 864 F. 2nd 1266 (6th Cir. 1988), prohibited the raising of immunity defense long after the original complaint was filed. In this case, we do not have similar facts. The immunity defense was immediately raised in both adversary proceedings. The only time that passed from the immediately raising of the affirmative defense until the summary judgments occurred was related to Mr. Tindall's many appeals held in this case.

As a result, the factors identified in *Summe* and *Haskell* are not present. No substantial litigation occurred and the only litigation specifically related to appeals taken relative to whether the bankruptcy court had jurisdiction to hear these matters. It should also be noted that the bankruptcy court did not raise this defense. It was raised by Appellee in the numerous motions in each adversary proceeding.

As a result, the immunity defense was raised immediately in each adversary proceeding and as a result should not be waived nor considered waived in any fashion.

Pursuant to *Juzman-Riviera v Riviera-Cruze,* 98 Fed. 3rd. 664 (1st Cir. 1996), the qualified immunity defense should be waived where it was not identified as a potential affirmative defense in an action.

Applicant was not prejudiced by the addition of the affirmative defense of qualified immunity as it was raised immediately upon the filing of the actions by Appellants.

The defense of qualified immunity is appropriate where a Trustee obtains court orders and follows those court orders pursuant to his statutory duties. In this case, I, as trustee, filed a motion to sell real property and obtain certain settlements with the Debtor and with Diana Gentry, the purchaser of the real property. Those orders were entered and the Appellant never appealed those orders but now requests that somehow, I have breached my fiduciary duty by following this court's order. I as Trustee object to this issue and as such, believe the court should dismiss this appeal.

10.     Whether, the bankruptcy court erred by entering summary judgment on a "statutory core" matter over which the bankruptcy court lacked Article III power to enter a final judgment in Case Nos. 19-03018 and 20-03012.

Issue 10 Analysis

This Bankruptcy Court has the authority to issue final orders and judgments based upon those matters which are specifically related to the bankruptcy case itself. The specific test as to whether a bankruptcy judge has constitutional authority to hear and determine a proceeding is whether it is integral to the restructuring of a Debtor/Creditor relationship. *Langenkamp v Culp*, 498 US 42 (1990).

In specifically identifying those matters which are related to the restructuring or bankruptcy administration, one need only look at myriad of supreme court cases that provide that those matters that deal with the claims of creditors or the specific administration of the bankruptcy estate are clearly within the constitutional purview of the bankruptcy court. The case of *Katchen v Landy,* 382 US 323 (1966) specifically held that those matters specifically related to the administration of the bankruptcy estate such as resolving claims of creditors are within the constitutional purview of bankruptcy judges. In a case in which a creditor has claims against the bankruptcy estate and/or the Trustee of the bankruptcy estate related to his administration of the bankruptcy estate it is only logical that the bankruptcy court has the authority to determine those issues under *Katchen* at 325.

When a creditor avails themselves of the bankruptcy court by filing a POC that creditor submits itself to the jurisdiction of the bankruptcy court, specifically that was identified in the *Granfinanciera, SA v Nordberg*, 492 US 33 (1989) case.

21

In this case the issue was a matter of whether a bankruptcy court could determine the issues relative to a jury trial request by Defendant. The Supreme Court ruled specifically that the issue at hand was related to the integral or specific restructuring of debtor/creditor relations and whether those matters were specifically within the administration of the bankruptcy estate.

Adversary Proceeding No. 19-03018 and 20-03012 in the bankruptcy court specifically related to claims by the Trustee as it pertained to the claims of the creditor, Barbara Duggan. The court case in each of these adversary proceedings were won in determination of the lien rights of Ms. Duggan and in the other as to whether that claim filed in the bankruptcy case had been paid in full. In each of these cases, the Defendant, Barbara Duggan, made a claim against the Trustee that he had somehow breached his fiduciary duty by administering this case in the fashion he did. All these matters are specifically related to the administration of the estate. In particular, the claims matter is specifically identified in multiple Supreme Court cases including *Langenkamp v Culp*, 498 US 42 (1990). Additionally, the matter that is asserted in the counter claims in the two adversary proceedings identified herein relate to claims against a bankruptcy trustee for his administration in a bankruptcy case. These claims specifically relate to those issues and should not be taken out of the purview of the bankruptcy court. The bankruptcy court after all, appointed the Trustee to act as the Officer of the Estate.

Summary proceedings with respect to an order or judgment are well within the purview of the bankruptcy court. These matters upon which the court has ruled in the above-entitled adversary proceedings are clearly specifically related to the administration of the bankruptcy estate. *Gordiner v NJ*, 329 US 565 (1947).

Appellant requests this honorable court to determine that the bankruptcy court does not have jurisdiction or constitutional authority that are well within their purview and relate to administration of the bankruptcy estate including matters relating to claims and matters relating to the specific administration of the bankruptcy estate. Appellee must argue that these issues are the actual core to what a bankruptcy court does.

12. Whether the district court erred by denying Appellant's 28 U.S.C. 144 NOTICE, BRIEF AND CERTIFICATION OF DISQUALIFICATION OF HON. DENISE PAGE HOOD, DC DE 33.

<u>Issue 12 Analysis</u>

Mr. Tindall has identified a claim that Judge Denise Hood should have been disqualified given an affidavit filed on his behalf. Unfortunately, the facts identified in the affidavit do not support disqualification. The affidavit filed by Mr. Tindall does not raise issues which specifically identify the impartiality of Judge Hood with respect to Mr. Tindall pursuant to *Easley v University of Michigan Bd.,*

23

*Bd. of Regents*, 853 F.2d 1351 (6th Cir. 1988). Under Section 144 the Judge must determine the reasonableness of the facts identified. Mr. Tindall has failed to identify the specific facts in this appeal which would provide for a recusal of Judge Hood.

Mr. Tindall has engaged in numerous acts in an attempt to judge shop and move this from Judge Hood to a different judge. Unfortunately, the facts identified in the affidavit supplied by Tindall do not specifically identify facts which in any way demonstrate a prejudice or an impartiality on behalf of Judge Hood. This alleged bias specifically stems from Mr. Tindall's disbarment and the fact that Judge Hood identified the disbarment.

Judge Hood specifically relied upon the extrajudicial sources of bias. There were no specific extrajudicial sources of bias given Judge Hood specifically identified that Mr. Tindall was disbarred and could not appear in her court. This hardly raises to a level of impartiality, in fact, any Judge should be required to identify whether an attorney is a practicing attorney when representing a client and licensed by the Bar. As a result, the Trustee requests that this appeal be denied and no further proceedings be required.

Respectfully submitted,

Samuel D. Sweet (P48668)
Chapter 7 Trustee
52 E. Burdick Street #10
Oxford, Michigan 48371
(248) 236-0985
ssweet@trusteesweet.us

Dated: 2/24/2025

25

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT COURT

## CASE NO. 24-19545

IN RE:

CHRISTOPHER D. WYMAN,

DISTRICT COURT. NO. 23-10171
HON. DENISE PAGE HOOD

                    DEBTOR.

BANKRUPTCY CASE NO. 12-32264
CHAPTER 7
HON. DANIEL S. OPPERMAN

_____/

MICHAEL E. TINDALL,

                    Appellant,

v.

SAMUEL D. SWEET, TRUSTEE,

                    Appellee.

_____/

## CERTIFICATE OF SERVICE

*The undersigned hereby certifies that a copy of the following:*

    Appellee's Brief on Appeal

*was electronically served on the 24th day of February, 2025, upon:*

    Dennis L. Perkins
    Attorney for Debtor
    bankruptcyperk@sbcglobal.net
    (Via ECF Only)

*was served via First Class Mail, pre-paid postage, on this 24th day of February, 2025, addressed as follows:*

    Christopher D. Wyman        Michael E. Tindall
    6241 Grand River Road        18530 Mack Ave., Ste. 430
    Brighton, MI 48114           Detroit, Michigan 48236

SAMUEL D. SWEET
Chapter 7 Trustee
52 E. Burdick Street #10
Oxford, Michigan 48371
(248) 236-0985
ssweet@trusteesweet.us