RECEIVED
04/20/2025
KELLY L. STEPHENS, Clerk

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

## CASE NO. 24-1945

E. D. MI. DISTRICT NO. 23-10171
HON. DENISE PAIGE HOOD

IN RE:

      **CHRISTOPHER D. WYMAN**
         *Debtor(s),*

BANK CASE NO. 12-32264
 CHAPTER 7
HON: D. S. OPPERMAN

_____ \

**MICHAEL E. TINDALL,**
           Appellant,
v.

**SAMUEL D. SWEET,**
           Appellee.

_____ \

## APPELLANTS' REPLY BRIEF ON APPEAL

i

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...............................................................iv

ARGUMENT ........................................................................1

INTRODUCTION ...................................................................1

REPLY ..............................................................................4

1. Ed Mich LBR 2014-1(c) is "VOID", as a matter of law, as it directly contradicts/violates Fed. R. Bank Pro. 5003(a), 9021, and 9029 by permitting appointment of an ATTORNEY FOR TRUSTEE by "deemed order", without the entry of a written order[ISSUE 1].... 7

2. A written and entered order expressly retaining "special counsel' for a TRUSTEE, under 11 USC 328, "pre-approves" the fee of "special counsel", as a matter of law. Such an order is NOT, as a matter of law, subject to further discretion of the bankruptcy court, under 11 USC 330, post entry. Further modification of a Section 328 order requires, as a matter of law, that the person objecting/seeking modification [post approval] prove, by preponderance of the evidence: (a) that a "subsequent development" [post approval] occurred; and, (b) the "subsequent development" was "not capable of being anticipated" at the time the original retention of special counsel was approved, in accordance with 11 USC 328(a). [ISSUE 2] ....................................................8

3. Proceeds of the sale of bankruptcy estate assets secured by a state law lien must be distributed to the lienholder – in full payment of the lien – in accordance with the established priorities in the Bankruptcy Code, as a matter of law, before any payment of administrative fees, expenses or charges [priority or non-priority] may be made. [ISSUE 3] ....................................................12

4. Case No. 12-03348, DE 418 and DE 422 (amending DE 418) are "VOID", as a matter of law, because; (a) the Bankruptcy Court had no jurisdiction to enter them; and/or (b) each is "structurally

defective" as they were entered in violation of Barbara Duggan's due process rights. [ISSUES 4, 5, 6] ...................................................13

5.  A "Qualified Immunity/Derivative Immunity" Affirmative Defense cannot, as a matter of law, be raised, sua sponte by the Bankruptcy Court more than one (1) year AFTER being waived by the Defendant; and, then retroactively applied more than three (3) years AFTER waiver to deny Summary Judgment to Plaintiff and grant Summary Judgment to Defendant (a) without a FRCP 15(a)(2) MOTION, by Defendant, to AMEND his ANSWER; and, (b) without granting leave to amend, as required by the Rule. [ISSUES 7, 8, 9, 11] .........................................................................15

6.  The Bankruptcy Court lacked Article III power, as a matter of law, to grant Summary Judgment in Case Nos 19-03018 and 20-03012 [ISSUE 10] ...........................................................................16

7.  The District Court erred by denying Appellant's 28 USC 144 NOTICE, BRIEF AND CERTIFICATION OF DISQUALIFICATION OF HON. DENISE PAGE HOOD, DC DE 33. [Issue 12] ..................................................................16

CONCLUSION ............................................................. 17

## KEY TO RECORD REFERENCES

DE - BANKRUPTCY COURT DOCKET ENTRY
DC DE - DISTRICT COURT DOCKET ENTRY
AP  DE – SIXTH CIRCUIT DOCKET ENTRY

# TABLE OF AUTHORITIES

## FEDERAL COURT RULES

FRCP 8(c) .................................................................15
FRCP 12(b) ..............................................................15
FRCP 15(a) ..............................................................15

## FEDERAL CASES:

*Dean v. Lane (In re Lane),* 598 BR 595, 598 (6th Cir BAP 2019)..............7
*Foster v. Barilow,* 6 F.3d 405, 408 (6th Cir.1993) ...........................1
*In re Boddy,* 950 F. 2d 334 6th Cir 1991) ..................................9
*In re Computer Systems, 446 BR 837, 843 (BC ND Ohio 2011)* ............... 10
*In re Darnell, 834 F. 2d 1263, 1265 (6th Cir 1987)*................................. 10
*In re Federated Dept. Stores, Inc.,* 44 F. 3d 1310, 1317 (6th Cir 1995) .......10
*In re Harlow Properties, Inc.,* 56 BR 794, 796 (BAP 9th Cir 1985)........... 8
*In re Human Housing Henrietta Hyatt, LLC.,* Nos. 23-8025/24-8003 (6th Cir BAP January 21, 2025) ....................................................................3
*In re Ruehle,* 307 BR 28, 36-37 (BAP 6th Cir 2004) ......................... 8
*In re Ruehle,* 412 F. 3d 679, 684 (6th Cir 2005) ..............................8
*In re Two Springs Me. Club, 424 BR 808, 815 (BC ND Ohio 2010)* .......... 10
*Matter of CD Elec. Co., Inc, 146 BR 786, 791 (BC ND Ind. 1992)*........... 9
*McPherson v. Kelsey,* 125 F.3d 989, 995-96 (6th Cir 1987) ..................4
*Rizen Group, Inc. v. Jackson Masonry, LLC,* 589 US ___, 140 S. Ct. 582 (2020)....................................................................................7
*Salling v. Budget Rent-A-Car Systems, Inc.,* 672 F. 3d 442 (6th Cir 2012) ..1
*Travelers Prop. Cas. Co. of Am. v. Hillerich & Bradsby Co.,* 598 F.3d 257, 275 (6th Cir.2010) ..................................................1
*United States v. Anderson,* 584 F. 2d 849 (6th Cir 1978)......................1
*United States v. Hayter Oil Co.,* 51 F.3d 1265, 1269 (6th Cir.1995) ..........4
*United States v. Honeycutt,* 816 F.3d 362, 370 (6th Cir. 2016) .................3
*United States v. Ovalle,* 136 F.3d 1092, 1108 n. 17 (6th Cir.1998)............1
*United States v. Phibbs,* 999 F.2d 1053, 1080 n. 12 (6th Cir.1993), cert. denied, 510 U.S. 1119, 114 S.Ct. 1070, 127 L.Ed.2d 389 (1994).........................4
*United Student Aid Funds, Inc. v. Espinosa,* 559 US 260, 130 S.Ct. 1367, 1377; 176 L.Ed. 2d 158 (2010) ........................................................ 8
*US v. Ellison,* 462 F. 3d 557, 560 (6th Cir 2006) ...............................1
*Williamson v. Recovery Ltd. P'ship,* 731 F.3d 608, 621 (6th Cir. 2013)....... 4

# ARGUMENT

## INTRODUCTION:

Appellee filed AP DE 7 (hereinafter "SWEET BRIEF", or "SB") in this appeal on February 24, 2025. The SWEET BRIEF attempts to argue issue(s) forfeited by failure to raise in the Bankruptcy Court and/or District Court below; and, by providing only perfunctory argument, without legal authority or factual foundation.[1]

## A. Waiver/forfeiture.

This court generally will not consider an argument not raised in the district court and presented for the first time on appeal. *Salling v. Budget Rent-A-Car Systems, Inc.*, 672 F. 3d 442 (6th Cir 2012); *Travelers Prop. Cas. Co. of Am. v. Hillerich & Bradsby Co.*, 598 F.3d 257, 275 (6th Cir.2010); *US v. Ellison*, 462 F. 3d 557, 560 (6th Cir 2006); *Foster v. Barilow*, 6 F.3d 405, 408 (6th Cir.1993); *United States v. Ovalle*, 136 F.3d 1092, 1108 n. 17 (6th Cir.1998). According to the SB, **"The facts of the case are not disputed and [are] a matter of record."** SB, P8. The undisputed record confirms that, in the Bankruptcy and District Court below, SWEET failed to raise/discuss any of the following facts/arguments.

---

[1] *United States v. Anderson*, 584 F. 2d 849 (6th Cir 1978) (it is extremely rare for this Court to consider issues not properly raised and argued before it); *US v. Farrow*, 198 F. 3d 179 (6th Cir 1999) (same).

1. <u>BANKRUPTCY COURT</u>:

(a.) "On March 13, 2013, the Bankruptcy Court eliminated Pichler's claimed interest in the residence Debtor fraudulently transferred to her." AB, AP DE 6, P 18, ns. 10,11; P41[B].

(b.) "On June 24 and 25, 2014, in Case No. 12-03348, the Equipment was recovered for the bankrupt estate with a bogus mortgage to Linck against the residence." AB, AP DE P 19, ns 12-16; P41[B].

(c.) "Sweet testified , in Case No. 12-03347, that Mason recovered the equipment in 2014...Sweet did not comply with the [February 26, 2015] appraisal order and never appraised the Residence or Equipment" AB, AP DE 6, PP21-22, ns 25-27.

(d.) SWEET did not disclose to the bankruptcy court or the creditors that he did not comply with the appraisal order or the disclosures required by the Handbook for Chapter 7 Trustees. AB, AP DE 6, PP 25-26, ns 46, 47.

(e.) "NOTABLY SWEET did not object to Appellant's or Duggan's liens and affirmatively requested both liens be transferred to proceeds. AB, AP DE 6, P26, ns 51,52; P45, ns 100-101.

(f.) "SWEET objected to Appellant's Application. DE 279, Nos. 6 and 10. ...SWEET identified NO '**subsequent development**'; and presented no evidence of '**not capable of being anticipated**'" AB, AP DE 6, P 37, n99; P42 -43 [C]. SWEET did NOT present evidence, or, attempt to meet the preponderance of evidence standard.

SWEET utterly failed to oppose any of the above in the Bankruptcy Court;

and, where necessary (Nos. d and f) did not attempt to present evidence to

meet his burden of proof.[2] SWEET has waived any right to dispute or argue

these in this Court. *In re Human Housing Henrietta Hyatt, LLC.*, Nos. 23-

8025/24-8003 (6th Cir BAP January 21, 2025) at 2, 17, 21.

## 2. DISTRICT COURT:

(a.) "…Appellant filed his Notice, Brief and Affidavit of Disqualification of Hon. Denise Paige Hood, DC DE 33. SWEET filed no opposition or response". AB AP DE 6, P62.

(b.) "SWEET hand-delivered that [disbarment order] to Appellant October 31, 2017, and, informed Appellant the bankruptcy judge had barred him from attending the status conference" AB AP DE 6, pp 23-24, ns 33-39.

SWEET has never denied or opposed his intermediary role in obtaining the

secret disbarment order on October 30, 2017, in Case No. 17-51481, without notice

to Appellant or compliance with ED MI LR 83.22(e). AP DE 6, Exhibit 2. For this

reason [to prevent developing a formal record], SWEET did not oppose or respond

regarding the disqualification issue in the district court. SWEET has waived any

argument on this issue (No. 7) in this Court.

B. Perfunctory Argument:

---

[2] Any attempt by SWEET to meet the **"preponderance of the evidence"** burden of proof would have immediately revealed that the Grievance against Appellant resulting in disbarment did not exist until 2014, two (2) years AFTER Appellant's retention by Mason, and, one (1) year AFTER Appellant's fees were earned.

[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed forfeited. *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir 1987); *Williamson v. Recovery Ltd. P'ship*, 731 F.3d 608, 621 (6th Cir. 2013). It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones." *United States v. Hayter Oil Co.*, 51 F.3d 1265, 1269 (6th Cir.1995); *United States v. Phibbs*, 999 F.2d 1053, 1080 n. 12 (6th Cir.1993), cert. denied, 510 U.S. 1119, 114 S.Ct. 1070, 127 L.Ed.2d 389 (1994).

## REPLY:

### A.     Factual Concessions:

The SWEET BRIEF begins: **"The facts of the case are not disputed and [are] a matter of record."** SB, P8, The SB then ignores or disputes facts and/or record matters it claims are undisputed. These include, by illustration - not by limitation - the following.

1. Duggan held a perfected Judgment Lien. AB[3] p 16, n4.

2. Appellant held an Attorney Lien for services provided to the trustee (Mason/Sweet) that attached June 16, 2012 and was perfected August 23, 2018. AB P17, ns 7-8; Case No. 12-32264, DE 270, PP 12, 13, Nos. 2 and 3, 14.
   *****************************

   Yet, at SB, P16, SWEET states: **"Any claims of lien by the Appellant, specifically, must come through the claim of**

---

[3] APPELLANT'S APPEAL BRIEF, AP DE 6, 1/23/25 (hereinafter "AB").

**Barbara Duggan. Mr. Tindall would have no separate claim of lien outside of the Duggan claim...Unfortunately he failed to assert that lien."** Appellant held separate and distinct liens for services provided to the trustee and to Duggan. Case No. 12-32264, DE 270, P13 No. 1, 2, 3.

3. Pichler's interest in Debtor's residence was eliminated and recovered March 13, 2013, by Mason/Appellant. AB, P18, and ns 10,11.

    **************************

    The SB continues to ignore Case No. 12-03348, DE 66 entirely.

4. The equipment was recovered June 24, 2014, by Mason/Appellant. AB, P19, ns 12-16.

    **************************

    SB ignores Case No. 12-03348, DE 207 entirely.

5. Case No. 12-03348, Counts II and V, withdrawn by the District Court, were "damage claims". AB P 20, ns 18-20.

    **************************

    According to SB, P17, **"it is obvious that the action [12-03348] is simply an action to avoid a transfer from Debtor to Michelle Pichler."**

6. Duggan's claim for "post judgment attorney fees" was a "damage claim" – not a fee award- withdrawn to District Court. AB, P24, ns 40-42.

    **************************

    SB does not dispute the fact or the applicable Michigan law cited.

7. Debtor fraudulently transferred $109,000.00 cash to Pichler. AB, P 21, ns 22-24.

    **************************

    SB does not dispute this finding by the Bankruptcy Court.

8. SWEET testified, under oath, Mason recovered the Equipment. AB, P 21, ns 26-26.

    **************************

SB does not dispute he gave this testimony.

9. SWEET did not comply with the appraisal order of February 10, 2015 and did not appraise the Residence or Equipment. AB, P22, n27.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

SB does not dispute non-compliance with the order or failure to appraise or the failure to disclose.

10. SWEET failed to comply with the mandatory DOJ Handbook for Chapter 7 Trustees. AB, PP 25-26, ns 46-47.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

SB does not dispute non-compliance with the order or failure to appraise or the failure to disclose.

11. SWEET held all sale proceeds, as a fiduciary, subject to the separate liens of Duggan and Appellant. AB, P 45, ns 100-101. Any claim by SWEET for fees, as attorney or Trustee, were moot, as there were not enough funds to pay the liens. AB, PP 27-28, ns 53-61. SWEET committed statutory conversion, under Michigan law, by refusing to pay the liens. AB, P38.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

SB does not dispute fiduciary status, mootness, or statutory conversion under Michigan and federal case law cited for non-payment.

This is, by no means, an exhaustive list. SB simply ignores established facts, established record matters and cited case law. He has either admitted these arguments, facts and record matters as "undisputed", or, forfeited any issue by omitting contrary argument.

B. Specific Issues/Arguments:

1. **Ed Mich LBR 2014-1(c) is "VOID", as a matter of law, as it directly contradicts/violates Fed. R. Bank Pro. 5003(a) by permitting appointment of an ATTORNEY FOR TRUSTEE by "deemed order", without the entry of a written order as required under Rule 5003(a). [ISSUE 1]**

Citing *Rizen Group, Inc. v. Jackson Masonry, LLC*, 589 US ___, 140 S. Ct. 582 (2020), SB recites the appeal period for the order awarding him "attorney fees", Case No. 12-32264, DE 325, 1/28/2020 has expired. *Rizen*, however, did not involve an order awarding "attorney fees". *Rizen* addressed the finality of an order denying relief from the automatic stay. In this circuit, attorney fee awards are not final where **additional services are expected** and the **initial award remains subject to further review and potential adjustment** by the bankruptcy court. *Dean v. Lane (In re Lane)*, 598 BR 595, 598 (6th Cir BAP 2019).

The SB contention that the order awarding him "attorney fees" was final and appealable in 2020 is clearly a misrepresentation. SWEET, himself, knew the order from 2020 was not final, which is why he filed the MOTION TO FIX APPROVED FEES OF APPELLANT PURSUANT TO 11 USC 328(a) two years later, on September 12, 2022. AB, AP DE 6, P27, ns 59-61. SWEET also knew that the lien securing Appellant's attorney fees had been transferred to sale proceeds at SWEET'S request, had priority over any fees to SWEET or his counsel, and, there were insufficient sale proceeds to pay SWEET anything. In short SWEET knew

the 2020 Order he now belatedly relies on was moot, until priority was determined by DE 391 on 01/06/2023.

SWEETS 2020 Order, DE 78, was similarly "not final" because it was VOID. A "void" order is open to both direct and collateral attack. *In re Harlow Properties, Inc.*, 56 BR 794, 796 (BAP 9th Cir 1985). There are no time limits on vacating an order that is void. *In re Ruehle*, 307 BR 28, 36-37 (BAP 6th Cir 2004); *In re Ruehle*, 412 F. 3d 679, 684 (6th Cir 2005) (The bankruptcy court rejected this argument, holding that the discharge had been obtained in violation of the creditor's substantial due process rights and was therefore not merely illegal, but void....We fully agree both with the result and with the Panel's assessment of the bankruptcy court's opinion.); *United Student Aid Funds, Inc. v. Espinosa*, 559 US 260, 130 S.Ct. 1367, 1377; 176 L.Ed. 2d 158 (2010) (A void judgment is a legal nullity... it suffices to say that a void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final). It should come as no surprise that both *Ruehl* and *Espinoza* were cited and discussed in AB. SB simply ignored both.

2. **A written and entered order expressly retaining "special counsel' for a TRUSTEE, under 11 USC 328, "pre-approves" the fee of "special counsel", as a matter of law. Such an order is NOT, as a matter of law, subject to further discretion of the bankruptcy court, under 11 USC 330, post entry. Further modification of a Section 328 order requires, as a matter of law, that the person objecting/seeking modification [post approval] prove, by**

preponderance of the evidence: (a) that a "subsequent development" [post approval] occurred; and, (b) the "subsequent development" was "not capable of being anticipated" at the time the original retention of special counsel was approved, in accordance with 11 USC 328(a). [ISSUE 2]

The SB, again, challenges this Court's appellate jurisdiction stating "A final order relative to the fees of Michael Tindall has not been entered."

Conveniently omitted from the SB argument is any mention of SWEET'S own MOTION TO FIX APPROVED FEES OF APPELLANT PURSUANT TO 11 USC 328(a), requesting that Appellant be paid nothing. AB, AP DE 6, P27, n59.

Also conveniently omitted is any mention of Appellant/CLAIMANT'S 11 USC 725 MOTION TO PAY SECURED ALLOWED LIEN. AB, AP DE 6, P28, ns 60, 61. SWEET'S motion was GRANTED and Appellant's denied by Case No. 12-32264, DE 391, despite obvious "mootness". Id, n61; *Matter of CD Elec. Co., Inc, 146 BR 786, 791 (BC ND Ind. 1992)*(Where no unencumbered assets remain to pay priority administrative expenses [professional fees], after the proceeds of secured collateral are used to satisfy the secured lien holder, the issue of payment to the priority administrative claimant is moot.)

Although the "title" of DE 391 states **"Partially Granting"** the body of the opinion and order clearly reflect the intent to elevate SWEET'S priority administrative expense of "attorney/trustee fees" ahead of Appellant's secured lien. *In re Boddy*, 950 F. 2d 334 6th Cir 1991)(several cases recognize that a bankruptcy

court's order of compensation may be considered final "where the order conclusively determine[s] the entire section 330 compensation to be paid" to the attorneys.). This is exactly the result the SIXTH Circuit forbids. *In re Federated Dept. Stores, Inc.,* 44 F. 3d 1310, 1317 (6th Cir 1995) (We believe the district court erred in concluding that a bankruptcy court has discretion to compensate a professional under § 330(a) if such professional's original appointment violated § 327(a). **The validity of the retention order should have been decided before granting compensation from the bankruptcy estate.**); *In re Darnell,* 834 F. 2d 1263, 1265 (6th Cir 1987)( perfected liens must be satisfied out of the assets those liens encumber **BEFORE** any proceeds of the assets are available to unsecured claimants, including those having priority administrative claims); *In re Two Springs Me. Club,* 424 BR 808, 815 (BC ND Ohio 2010)(secured liens transferred to proceeds of sale attach to those proceeds and must be paid before any of those proceeds may be used to pay unsecured claims.); *In re Computer Systems, 446 BR 837, 843 (BC ND Ohio 2011)*(secured claims must be satisfied out of the asset(s) they encumber before any proceeds of the asset become available to unsecured claimants, including administrative claims).

   The SB argument that the Application and Order retaining Appellant, under 11 USC 328 - rather than 11 USC 330, required Section 330 application and review is simply false.

"The Application and Order specifically provided that special counsel, **must apply for fees and the bankruptcy court may review same**. The order, in fact, provides that **the bankruptcy court must approve the fees of counsel**." SB,AP DE 7, P 14.

Case No. 12-32264, DE 63, P 2 of 5, No. 3 makes clear Appellant was retained under Section 328(a), not Section 330. Nothing in Nos. 3 or 6 require Appellant to **"apply for fees"**, or, that the **"bankruptcy court may review"** those fees. DE 63, P 5 of 5 clearly states **"payment"** will not be made without **"prior Court approval"** of the disbursement. Nothing in the Order requires Section 330 court review or approval of the amount of fees pre-approved under Section 328.

The SB argument that the 2017 disbarment was a "subsequent event" that should/could have been disclosed, and, was not "capable of being anticipated" is equally disingenuous.

"Mr. Tindall was disbarred during the course of his employment. This accrued post application and **constitutes a subsequent event**. Unfortunately, Mr. Tindall did not advise Mr. Mason of a **pending grievance** which **eventually resulted** in his disbarment on September 20, 2017. Mr. Tindall could not complete his employment in this matter **and in fact collected no monies**. These specifics clearly constitute a subsequent event, and **an event which could not have been known at the time of the filing** unless Mr. Tindall provided this information to Mr. mason or the Bankruptcy court. **Clearly Mr. Tindall did not provide this information and as a result, this information was not ascertainable**. Should the court award Mr. Tindall fees based upon work which had not been completed? Mr. Tindall could have, the day after the order was entered, simply retired, completed no work on this case and requested fees in the amount of 1/3 of any money which would subsequently have been collected. This cannot possibly be the standard of law given Section 328 of the Bankruptcy Code **and in all cases this Court and the bankruptcy court have the ability to review these fees for reasonableness and to determine whether the**

**appropriate work was approved by the applicant."** SB, AP DE 7, P 14-15.

Appellant was retained in 2012. The Residence was recovered in 2013, and, the Equipment in 2014; four (4) and three (3) years, respectively, **before** the disbarment occurred.[4] SWEET confirmed the Mason/Appellant recovery February 10, 2015 under oath, two (2) years **before** the disbarment. AB, P13, PageID 1725 and n25; AB, p32-33, PageID 1744-45. None of this was set forth **"in the record"**; SWEET's initial Objection to Appellants APPLICATION, Case No. 12-32264, DE 271, 272, 279; or, SWEET'S September 12, 2022 Motion to Fix Approved Fees of Appellant pursuant to 11 USC 328(a), Case No. 12-32264, DE 348, 351, 391. SWEET simply failed to meet his burden of proof, and, no specific record of the **"subsequent development"**, or, **"could not have been anticipated"** was ever made in or by the Bankruptcy Court.

3. **Proceeds of the sale of bankruptcy estate assets secured by a state law lien must be distributed to the lienholder – in full payment of the lien – in accordance with the established priorities in the Bankruptcy Code, as a matter of law, before any payment of administrative fees, expenses or charges [priority or non-priority] may be made. [ISSUE 3]**

The SB forfeited any opposition to Issue 3 by failing to address the issue with anything more than perfunctory statements, shown above to be false. See, PP 4-5 above, Nos. 2 and 11. The lien was created and properly perfected under

---

[4] The Case No. on the SB Exhibit [14-36-GA] clearly reflects the discipline matter was not even initiated until 2014, and, not decided until 2017. There was nothing to "know" or "disclose" until 2017.

Michigan law, See P4, No. 2 above, and, transferred to proceeds of sale by the Bankruptcy Court. AB, AP DE 6, P17, n 8.

SB's contention that this appeal is untimely is groundless for the same reasons set forth under Issue 1 governing "void" orders. Case No. 20-3012 , DE 78, SB, AP DE 7, P16, purported – according to SWEET – to determine that Duggan had been paid in full. Yet, the issue(s) of the correct amount due Duggan had already been withdrawn to and by the District Court on October 16, 2014, seven years before. See AB, AP DE 6, P20, n 18. The Order, DE 78, relied on by SWEET is void because the bankruptcy court had no jurisdiction over the withdrawn issues of how much Duggan was owed.

4. **Case No. 12-03348, DE 418 and DE 422 (amending DE 418) are "VOID", as a matter of law, because; (a) the Bankruptcy Court had no jurisdiction to enter them; and/or (b) each is "structurally defective" as they were entered in violation of Barbara Duggan's due process rights. [ISSUES 4, 5, 6]**

SB offers nothing in support of the contention that the Bankruptcy Court retained jurisdiction over the Duggan "damage claims", Counts II and V, after withdrawal of reference in 2014, See, P 5, No. 5. The contention that Pichler could consent to dismissal of an **"action to avoid a transfer"**, SB P7, PageID 1817, even in the wrong court, more than four (4) years AFTER the transferred interest was recovered from her [March 13, 2013], by Case No. 12-03348, DE 66, is simply absurd. See, P5 supra, No. 3.Further, the SB does not argue against or cite any

legal authority contradicting the Michigan case authorities cited by Appellant establishing that Pichler, a fraudulent transferee, had no interest to convey to SWEET in 2017 or at any other time. AB, AP DE 6, PP 41-41 [B]. SWEET has forfeited all opposition to this issue.

According to SB, AP DE 7, P 19-20:

"Barbara Duggan was provided with the opportunity to obtain counsel and she chose not to. She, in fact, did not take action to set this order aside nor did she take any other action in this case. ... Ms. Duggan was represented by counsel, Elie Bejjani, throughout the course of this case after Mr. Tindall's disbarment."

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

"Ms Duggan was paid in full from the sale proceeds. This matter is undisputable and in fact the Trustee paid based upon a payoff letter from Ms. Duggan with respect to the amount that was owed. ...Unfortunately, counsel for Ms. Duggan has never claimed this or ever raised any issues with respect to any compromised rights throughout this case."

Duggan received 60 days from October 31, 2017 to obtain new counsel. AB, AP DE 6, P24, n 39. The dismissal orders, DE 418 and 422, were entered 3 and 13 days later, respectively. AB AP DE 6, P24, n39. Mr. Benjjani did not appear for Ms. Duggan until over a year later, December 17, 2018, and – then – ONLY in Case No. 12-32264. AB AP DE 6, P26, n 49; PP 47-50. Once again, SWEET is intentionally misrepresenting the very record he claims is undisputed.

Case No. 20-3012, DE 73, including all Exhibits, proves this statement in the SB is a false. DE 73, PP4; 20; 21; 23 no's 4,5,6,9.10; 26 no.4; 44 no. 6(3) and 7; 45 nos. 8 and 9; 63 no4; 68 no.4. Ms. Duggan, her then attorney Elie Bejjani,

and, Appellant – as prior attorney – all supplied sworn Affidavits stating SWEETS proposed payment DID NOT include attorney fee damages claimed under Michigan law and secured by her lien. DE 73 also set forth, in detail, why SWEET'S assertions to the contrary were fraudulent under Michigan law.

5. **A "Qualified Immunity/Derivative Immunity" Affirmative Defense cannot, as a matter of law, be raised, sua sponte by the Bankruptcy Court more than one (1) year AFTER being waived by the Defendant; and, then retroactively applied more than three (3) years AFTER waiver to deny Summary Judgment to Plaintiff and grant Summary Judgment to Defendant (a) without a FRCP 15(a)(2) MOTION, by Defendant, to AMEND his ANSWER; and, (b) without granting leave to amend, as required by the Rule. [ISSUES 7, 8, 9, 11]**

The SB offers no authority or argument to support the contention that an Affirmative Defense can be raised by "motion" rather than by "pleading", as required by FRCP 8(c) and 12(b). The SB offers no authority or argument to support the contention that a "waived" Affirmative Defense nevertheless puts an opposing litigant on "notice" that the defense may be "revived" sometime in the future. The SB offers no authority or argument that an Affirmative Defense may be "revived", without a FRCP 15(a) motion to amend, and, without "leave" to amend. Finally, the SB offers no authority or argument that the Affirmative Defense of Immunity can be sustained in the absence of "proof", and, where the Trustee has admitted the failure to disclose material relevant facts. See, P5, supra, Nos 9 and 10. SWEET has forfeited all opposition to this issue.

SB's contention that this appeal is untimely is groundless for the same reasons set forth under Issue 1 governing "void" orders.

### 6. The Bankruptcy Court lacked jurisdiction, as a matter of law, to grant Summary Judgment in Case Nos. 19-03018 and 20-03012 [ISSUE 10]

The SB offers no authority or argument or even discussion of *Waldman v. Stone*, or, *Stern v. Marshall*. The SB **appears** to argue that bankruptcy administration is a statutory "core" rather than "noncore" matter, but does not say so, or, cite to the applicable statute. The SB does not discuss the *Waldman* division of statutory "core" matters, between "affirmative claims" and "disallowance claims", or provide any authority to support the contention that a non-Article III Court has jurisdiction to decide a state statutory affirmative damage claim. SWEET has forfeited any opposition to this issue.

### 7. The District Court erred by denying Appellant's 28 USC 144 NOTICE, BRIEF AND CERTIFICATION OF DISQUALIFICATION OF HON. DENISE PAGE HOOD, DC DE 33. [Issue 12]

As provided above, P 3, the District Court record below is clear. SWEET did not respond or raise any argument to oppose disqualification in the district Court. He has waived the issue in this Court.

## CONCLUSION:

The SB admits the facts and record matters recited by Appellant. It forfeits all opposition to the issues presented by utterly failing to produce any argument or authority to oppose them. The SB's blatant denial and misrepresentation of admitted and established facts and record matters is not sufficient or meaningful opposition to the issues.

Respectfully Submitted,

Dated: 4/21/25

/S/

MICHAEL E. TINDALL
18530 MACK AVE., STE 430
DETROIT, MI  48236
(248)250-8819

**Direct Email: <u>met@comcast.net</u>**

## CERTIFICATION:

**I hereby certify that the foregoing brief complies with the type-volume limitation provided in  FRAP 32(a)(7)  and contains ✓//83  words of Time New Roman (14 point) proportional type prepared with Microsoft Word for Windows 7 Professional Edition.**

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

## CASE NO. 24-1945

**E. D. MI. DISTRICT NO. 23-10171**
HON. DENISE PAIGE HOOD

IN RE:

### CHRISTOPHER D. WYMAN
_Debtor(s)._

**BANK CASE NO. 12-32264**
**CHAPTER 7**
**HON: D. S. OPPERMAN**

_____\

**MICHAEL E. TINDALL,**
                    Appellant,
v.

**SAMUEL D. SWEET,**
                    Appellee.

_____\

## PROOF OF SERVICE
The undersigned certifies that a copy of
## APPELLANT'S REPLY REPLY BRIEF ON APPEAL
filed with the Court by email 4/20/25 was served on SAMUEL SWEET,
TRUSTEE, APPELLEE, by US Mail on April 21 2025, postage prepaid,
to:

52 E. Burdick Street #10
Oxford, Michigan 48371
(248) 236-0985

Respectfully Submitted,

/S/

MICHAEL E. TINDALL
18530 MACK AVE., STE 430
DETROIT, MI  48236
(248)250-8819
**Direct Email: met@comcast.net**

Dated: 4/21/2025

1