# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

## CASE NO. 24-1945

E. D. MI. DISTRICT NO. 23-10171
HON. DENISE PAIGE HOOD

IN RE:

    **CHRISTOPHER D. WYMAN**
        *Debtor(s),*

BANK CASE NO. 12-32264
CHAPTER 7
HON: D. S. OPPERMAN

_____\\

**MICHAEL E. TINDALL,**
        Appellant,
v.

**SAMUEL D. SWEET,**
        Appellee.

_____\\

## APPELLANT'S FRAP 40 MOTION FOR VACATOR OF OPINION AND JUDGMENT DATED NOVEMBER 4, 2025 DUE TO UNAUTHORIZED IMPROPER EX PARTE COMMUNICATIONS AND FOR PANEL REHEARING BY NEWLY ASSIGNED PANEL

### OR, IN THE ALTERNATIVE

### FOR REHEARING EN BANC BY THE ENTIRE COURT

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ..................................................ii

**FRAP 40(b) STATEMENTS:**

    **I.   RULE 40(b)(1) STATEMENT REGARDING UNAUTHORIZED UNDISCLOSED EX PARTE COMMUNICATIONS** ......1

    **II.  RULE 40(b)(2) STATEMENT REGARDING REHEARING EN BANC** ........................................................... ......6

**CONCLUSION** ..................................................................13

**CERTIFICATE OF COMPLIANCE** ...........................................14

**CERTIFICATE OF SERVICE** ....................ATTACHED

**AFFIDAVIT OF APPELLANT WITH EXHIBITS** ...ATTACHED

**PANEL DECISION AND JUDGMENT** .........ATTACHED

# TABLE OF AUTHORITIES

*Arbaugh v. Y&H Corp.*, 546 US 500, 126 S.Ct 1235, 163 L.ED 2d 1097 (2006) ..7

*Arizona v. Fulminante,* 499 U.S. 279, 309, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991)..3,4

*Bracy v. Gramley,* 520 U.S. 899, 904-05, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997)..3

*Caperton v. A.T. Massey Coal Co.,* 556 U.S. 868, 876, 129 S.Ct. 2252, 173 L.Ed.2d 1208 (2009) …2,6

*Coley v. Bagley,* 706 F.3d 741, 750 (6th Cir. 2013) ..3

*Foster v. Barilow,* 6 F.3d 405, 408 (6th Cir.1993) …8

*In re Univ. of Mich.*, 936 F.3d 460 (6th Cir. 2019) …6

*In re Baker*, 791 F.3d 677 (6th Cir. 2015)…………...6

*In re Harlow Properties, Inc.*, 56 BR 794, 796 (BAP 9th Cir 1985)…..10

*In re Murchison,* 349 U.S. 133, 136, 75 S.Ct. 623, 99 L.Ed. 942 (1955) …3,4

*In re Ruffalo*, 390 US 544, 88 S.CT 1222, 20 L.ED. 2d 117 (1968)….7,10

*In re Cook*, 551 F.3d 542 (6th Cir. 2009)

*In re Squire*, 617 F.3d 461 (6th Cir. 2010)……7,11

*Jackson v. Cool,* 111 F. 4th 689, 697-8 (6th Cir. 2024) ….4

*Johnson v. Morales,* 946 F. 3d 911, 918 (6th Cir 2020) …4

*Jordan v. Gilligan*, 500 F.2d 701 (6th Cir. 1974) ….6

*Law v. Siegel,* 571 US 415, 134 S.CT 1188, 188 L.ED 2d 146 (2014)… 7

*Liljeberg v. Health Ser. Acq. Corp.*, 486 US 847, 108 S.Ct 2194, 100 L.Ed. 2d 855 (1988) … 3,6

*Mayberry v. Pennsylvania,* 400 U.S. 455, 465-66, 91 S.Ct. 499, 27 L.Ed.2d 532 (1971) ....3

*Price Bros. Co. v. Philadelphia Gear Corp.,* 629 F.2d 444 (6th Cir. 1980)...5,6

*Railey v. Webb,* 540 F.3d 393, 399 (6th Cir. 2008) ...3

*Salling v. Budget Rent-A-Car Systems, Inc.,* 672 F. 3d 442 (6th Cir 2012) ...8

*Standard All. Ind. Inc. v. Black Clawson Co.,* 587 F.2d 813, 828-29 (6th Cir 1978) *cert den,* 441 US 923, 99 S.Ct. 2032, 66 L.Ed. 2d 396 (1979)...5,6

*Strickland v. Washington,* 466 U.S. 668, 691-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)...4

*Stryker Employment Co. v. Abbas,* 60 F.4th 372 (6th Cir. 2023) ...6

*Theard v. US.,* 354 US 278. 77 S.Ct. 1274, 1 L.Ed. 2d 1342 (1957) ...7,10

*Travelers Prop. Cas. Co. of Am. v. Hillerich & Bradsby Co.,* 598 F.3d 257, 275 (6th Cir.2010) ...8

*United States v. Anderson,* 584 F. 2d 849 (6th Cir 1978)...8

*United States v. Barnwell,* 477 F.3d 844, 853 (6th Cir. 2007)...1,4,6

*United States v. Ovalle,* 136 F.3d 1092, 1108 n. 17 (6th Cir.1998)....8

*United Student Aid Funds, Inc. v. Espinosa,* 559 US 260, 130 S.Ct. 1367, 1377; 176 L.Ed. 2d 158 (2010) ...7,9

*US v. Ellison,* 462 F. 3d 557, 560 (6th Cir 2006) ...8

*US v. Farrow,* 198 F. 3d 179 (6th Cir 1999)...8

*Williams v. Pennsylvania,* 579 U.S. 1, 136 S. Ct. 1899, 1905, 195 L.Ed.2d 132 (2016) ... 4,5,6

*Withrow v. Larkin,* 421 U.S. 35, 47, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975)...3,4

OTHER AUTHORITIES:

Cannon 3(a)(4) of the Judicial Cannons governing Federal Judges ...2

28 CFR § 76.15...2

## I.  FRAP 40(b)(1) STATEMENT: VACATOR OF OPINION AND JUDGMENT DATED NOVEMBER 4, 2025 AND REHEARING BY A NEWLY ASSIGNED PANEL IS REQUIRED BY UNAUTHORIZED AND IMPROPER EX PARTE COMMUNICATIONS IN THIS APPEAL.

**Ex parte communication** is any oral or written contact concerning a pending or impending matter that occurs **outside the record and without notice to, or participation by, the opposing party.** Such communication is presumptively prohibited. *United States v. Barnwell*, 477 F.3d 844, 874 (6th Cir. 2007). As explained in Appellant's attached Affidavit, such contact unquestionably occurred in this appeal between August 29, 2025 and November 4, 2025. Because of this contact, the docket, the Judgment and the communication(s) from this Court were changed to reflect information that was not provided by Appellant; was not provided by Appellee; and, is not in the public domain. No notice of this ex parte contact was given to the parties and no opportunity to respond was given. As a result, it is impossible to know who made the ex parte contact(s), exactly when they occurred, whether the ex parte contact(s) were with a panel member(s) or staff [although contacts with staff are imputed to panel judges], and, whether the contacts included more information than merely the honoriphic described. What is certain is that the information did not come from one or more of the parties, whether through filings or correspondence, or this Court's record.

Cannon 3(a)(4) of the Code Of Conduct for United States Judges states, in pertinent part:

> "**Canon 3 A JUDGE SHOULD PERFORM THE DUTIES OF THE OFFICE FAIRLY, IMPARTIALLY AND DILIGENTLY**
>
> (a)(4) … a judge should not initiate, permit, or consider ex parte communications <u>or consider other communications concerning a pending or impending matter that are made outside the presence of the parties or their lawyers.</u> If a judge receives an unauthorized ex parte communication bearing on the substance of a matter, <u>the judge should promptly notify the parties of the subject matter of the communication and allow the parties an opportunity to respond, if requested.</u>

Title 28 of the Federal Regulations governing judicial administration states:

> "**28 CFR § 76.15 - Ex parte communications.**
>
> § 76.15 Ex parte communications.
>
> (a) Generally. <u>The Judge shall not consult with any party, attorney or person</u> (except persons in the office of the Judge) <u>on any legal or factual issue unless upon notice and opportunity for all parties to participate</u>. No <u>party</u> or attorney representing a <u>party</u> shall communicate in any instance with the <u>Judge</u> on any matter at issue in a case, unless notice and opportunity has been afforded for the other <u>party</u> to participate. This provision does not prohibit a <u>party</u> or attorney from inquiring about the status of a case or asking questions concerning administrative functions or procedures."

The right to a fair, unbiased judge/panel is undoubtedly clearly established. *See Caperton v. A.T. Massey Coal Co.,* 556 U.S. 868, 876, 129 S.Ct. 2252, 173 L.Ed.2d 1208 (2009) ("**It is axiomatic that a fair tribunal is a basic requirement**

of due process.'" (quoting *In re Murchison,* 349 U.S. 133, 136, 75 S.Ct. 623, 99 L.Ed. 942 (1955) (alteration in original)). "[T]he Due Process Clause clearly requires a fair trial in a fair tribunal, before a judge with no actual bias against the defendant or interest in the outcome of his particular case." *Bracy v. Gramley,* 520 U.S. 899, 904-05, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997) (internal quotation marks and citations omitted). Judicial bias, which "is a deep-seated favoritism or antagonism that makes fair judgment impossible," is "constitutionally unacceptable." *Coley v. Bagley,* 706 F.3d 741, 750 (6th Cir. 2013) (citing *Mayberry v. Pennsylvania,* 400 U.S. 455, 465-66, 91 S.Ct. 499, 27 L.Ed.2d 532 (1971); *Withrow v. Larkin,* 421 U.S. 35, 47, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975)). Because a finding of judicial bias is a structural defect that affects the entire proceeding, it is not subject to a harmless-error analysis. *Cf. Arizona v. Fulminante,* 499 U.S. 279, 309, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991); *see Railey v. Webb,* 540 F.3d 393, 399 (6th Cir. 2008); *Liljeberg v. Health Services Acquisition Corp.,* 486 US 847, 865, 867-70, 108 S.Ct. 2194, 100 L.Ed. 2d 855 (1988) **(failure to disclose ex parte information concerning a party required vacating judgment to maintain public confidence in judicial impartiality).**

As this Court held in *Stryker Employment Co. v. Abbas,* 60 F.4th 372 (6th Cir. 2023), ex parte communications risk undermining litigation fairness and justify proactive judicial intervention. Even the appearance of such impropriety can

erode public confidence in the judiciary and justifies vacatur and reassignment. *Jackson v. Cool*, 111 F. 4th 689, 697-8 (6th Cir. 2024); *United States v. Barnwell*, 477 F.3d 844, 853 (6th Cir. 2007) ("**The value of a judicial proceeding ... is substantially diluted where the process is ex parte ... The district court's approach in this particular proceeding stifles the people's belief in our independent and impartial judiciary.... such conferences involve a breach of legal and judicial ethics. Regardless of the propriety of the court's motives in such a case, the practice should be discouraged, since it undermines confidence in the impartiality of the court.**"); *Johnson v. Morales*, 946 F. 3d 911, 918 (6th Cir 2020)(**Federal due process "guarantees 'an absence of actual bias on the part of a judge."** citing *Williams v. Pennsylvania*, 579 U.S. 1, 136 S. Ct. 1899, 1905, 195 L.Ed.2d 132 (2016) (quoting *In re Murchison*, 349 U.S. 133, 136, 75 S.Ct. 623, 99 L.Ed. 942 (1955)); *Withrow v. Larkin*, 421 U.S. 35, 47, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975)(**A biased decision-maker is constitutionally unacceptable.**); Since judicial bias is a structural defect both when actual, and, when merely unconstitutionally probable, *see Arizona v. Fulminante*, 499 U.S. 279, 309-10, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991), if either type of judicial bias is proven, *Strickland* prejudice need not be proven. *See Strickland v. Washington*, 466 U.S. 668, 691-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The Supreme Court in *Williams v. Pennsylvania*, 579 U.S. 1, 8 (2016) found "an impermissible risk of actual bias [occurred] when a judge earlier had significant, personal involvement as a prosecutor in a critical decision regarding the defendant's case." *Williams*, 579 U.S. at 8. Because of that direct involvement, the justice's participation in the adjudication of the defendant's habeas challenge to his death sentence violated due process. *Id.* at 14. Under the Due Process Clause there is an impermissible risk of actual bias when a judge earlier had significant, personal involvement as a prosecutor in a critical decision regarding the defendant's case.

In *Standard All. Ind. Inc. v. Black Clawson Co.*, 587 F.2d 813, 828-29 (6th Cir 1978), *cert den*, 441 US 923, 99 S.Ct. 2032, 66 L.Ed. 2d 396 (1979), this Court addressed a situation where –as here – "**the length and nature**" of the ex parte contacts was unknown, although the fact that the ex parte contact(s) occurred was known. Like this case, no notice to the parties or opportunity to respond was given. This Court found a presumption of prejudice that could not be rebutted. Again, in *Price Bros. Co. v. Philadelphia Gear Corp.*, 629 F.2d 444 (6th Cir. 1980), this Court found ex parte contacts violating Cannon 3(a)(4) of the Code of Conduct for United States Judges is so "**inimical to the fair and impartial administration of justice**" that the presumption of prejudice arising therefrom is conclusive and requires an automatic reversal. *Price* at 446-47.

There can be no dispute that the information regarding Appellant was conveyed to this Court ex parte. As in *Standard* and *Price*, there is a presumption of prejudice which cannot be rebutted. That presumption is conclusive and requires the decision and Judgment of November 4, 2025 be vacated and the appeal be assigned to a new panel for decision to maintain public confidence in judicial impartiality. *Liljebarg*, supra, at 867-70.

## II. FRAP 409(b)(2) STATEMENT: (A) THE PANEL DECISION CONFLICTS WITH MULTIPLE DECISIONS OF THIS COURT; AND, (B) MULTIPLE DECISIONS OF THE UNITED STATES SUPREME COURT, SET FORTH BY ISSUE BELOW, AND THE FULL COURT'S CONSIDERATION IS THEREFORE NECESSARY TO SECURE OR MAINTAIN UNIFORMITY OF THE COURT'S DECISIONS.

### A. PRESUMPTIVELY PREJUDICIAL EX PARTE COMMUNICATIONS:

1. *Sixth Circuit Decisions*: *US V. Barnwell*, 477 F.3d 844 (6th Cir. 2007); *Striker Emp. Co. v. Abbas*, 60 F.4th 372 (6th Cir 2023); *Standard All. Ind. Inc. v. Black Clawson Co.*, 587 F.813 (6th Cir 1978), cert den, 441 US 923 (1979); *Price Bros Co. v. Phil. Gear Corp.*, 629 F. 2d 444 (6th Cir. 1980).
2. *US Supreme Court Decisions*: *Liljeberg v. Health Ser. Acq. Corp.*, 486 US 847, 108 S.Ct 2194, 100 L.Ed. 2d 855 (1988); *Caperton v. AT Massey Const. Co.*, 586 US 868, 129 S.CT 2252, 173 L.ED 2d 1208 (2009); *Williams v. Penn.*, 579 US 1, 136 S.Ct. 1899, 195 L.Ed 2d 132 (2016).

### B. BANKRUPTCY JURISDICTION UNDER VOID JUDGMENT:

1. *Sixth Circuit Decisions*: *Jordan v. Gilligan*, 500 F.2d 701 (6th Cir. 1974); *In re Univ. of Mich.*, 936 F.3d 460 (6th Cir. 2019); *In re Baker*, 791 F.3d 677 (6th Cir. 2015).

2. *US Supreme Court Decisions:* *Law v. Siegel*, 571 US 415, 134 S.CT 1188, 188 L.ED 2d 146 (2014); *US Student Aid Funds, Inc. v. Espinosa*, 559 US 260, 130 S.Ct 1367, 176 L. Ed. 2d 158 (2010); *Arbaugh v. Y&H Corp.*, 546 US 500, 126 S.Ct 1235, 163 L.ED 2d 1097 (2006).

C. <u>**DUE PROCESS RIGHTS IN FEDERAL DISBARMENT**</u>:

1. *Sixth Circuit Decisions:* *In re Cook*, 551 F.3d 542 (6th Cir. 2009); *In re Squire*, 617 F.3d 461 (6th Cir. 2010).
2. *US Supreme Court Decisions:* *Theard v. US.*, 354 US 278. 77 S.Ct. 1274, 1 L.Ed. 2d 1342 (1957); *In re Ruffalo*, 390 US 544, 88 S.CT 1222, 20 L.ED. 2d 117 (1968).

## **ARGUMENT**

### A. <u>**PRESUMPTIVELY PREJUDICIAL EX PARTE COMMUNICATION**</u>

Unauthorized ex parte communication(s) with this Court [panel or staff] are presumptively prejudicial and absolutely forbidden. A complete discussion of controlling authorities, in this Court and the United States Supreme Court, is contained in PP 1-6 above and is incorporated here in its entirety by reference.

There is no question that unauthorized ex parte communications occurred in this appeal. From October 28, 2024 through August 29, 2025, this appeal was conducted based on information established by this Court's record. After August 29, 2025 and assignment to the panel, that information was changed, resulting in changes to the docket, correspondence and the Judgment. See, Affidavit Exhibits 1A, B, C and D. Rather than comply with binding authorities from this Court and the US Supreme Court, the panel proceeded to issue an Opinion it was

presumptively disqualified from deciding. The animus and vitriol reflected in that opinion demonstrates why prejudice is presumed. The Opinion ignored issues fully addressed and submitted for decision. See, Appellant's Brief, DE 6, PP 28-35, Argument 2; PP 39-42, Arguments 4A and 4B; PP 50-53, Argument 6; PP 53-56, Argument 7. The Opinion attempted to allege forfeiture by Appellant, in an attempt to avoid issues raised by Appellant's Brief, but ignored the disclosed and undisputed facts that Appellee failed to raise or defend these issues originally in the Bankruptcy Court, the District Court or in this Court. Appellant's Reply Brief, DE 15, PP 1-3. This court generally will not consider an argument not raised in the district court and presented for the first time on appeal. *Salling v. Budget Rent-A-Car Systems, Inc.*, 672 F. 3d 442 (6th Cir 2012); *Travelers Prop. Cas. Co. of Am. v. Hillerich & Bradsby Co.*, 598 F.3d 257, 275 (6th Cir.2010); *US v. Ellison*, 462 F. 3d 557, 560 (6th Cir 2006); *Foster v. Barilow*, 6 F.3d 405, 408 (6th Cir.1993); *United States v. Ovalle*, 136 F.3d 1092, 1108 n. 17 (6th Cir.1998). Here, however, Appellee did not raise any of these issues in ANY court. The Panel did it for him. *United States v. Anderson*, 584 F. 2d 849 (6th Cir 1978) (it is extremely rare for this Court to consider issues not properly raised and argued before it); *US v. Farrow*, 198 F. 3d 179 (6th Cir 1999) (same).

B. **BANKRUPTCY JURISDICTION UNDER VOID JUDGMENT**:

There is no dispute, based on record facts, that the District Court withdrew the reference of all damage claims from the Bankruptcy Court in 2014 in Case No. 12-03348. Appellant's Brief, DE 6, PP 11-17. There is also no factual dispute that Appellee did not comply with the Bankruptcy Court's Appraisal Order and concealed material facts in connection with the sale of estate assets. Appellant's Brief, DE 6, P17. All of this was ignored by the Panel.

Despite being specifically submitted for consideration/decision, Appellant's Brief, DE 6, PP 39-42, the Panel – without discussion or analysis – ignored the Bankruptcy Court's lack of jurisdiction to determine any monetary damages to Ms. Duggan; ignored the Bankruptcy Court's lack of jurisdiction to enter Case No. 12-03348, DE 418 and 422; ignored that this was done while Ms. Duggan was protected by both the Bankruptcy Court's own order and Ms. Duggan's objection, Appellant's Brief, DE 6, P42; and, treated the Orders/Judgment [DE 418 and 422] as presumptively valid, without analysis or discussion. See, Opinion, P1 ("**Michael Tindall committed fraud on the court** …).

The listed opinions of this Court and the Supreme Court uniformly hold that orders/judgments entered by a court without subject matter jurisdiction are absolutely void. *United Student Aid Funds, Inc. v. Espinosa*, 559 US 260, 130 S.Ct. 1367, 1377; 176 L.Ed. 2d 158 (2010) (**A void judgment is a legal nullity**… it

suffices to say that a void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final).This lack of jurisdiction cannot be waived and cannot be cured by agreement. In the words of this Court, such orders are NO ORDER AT ALL. The Panel's decision approving/enforcing an order clearly entered by a court without subject matter jurisdiction contradicts every existing decision by this Court and the Supreme Court defining the parameters of judicial power. A "void" order is open to both direct and collateral attack. *In re Harlow Properties, Inc.*, 56 BR 794, 796 (BAP 9th Cir 1985). There are no time limits on vacating an order that is void. *In re Ruehle*, 307 BR 28, 36-37 (BAP 6th Cir 2004); *In re Ruehle*, 412 F. 3d 679, 684 (6th Cir 2005).

## C. <u>DUE PROCESS RIGHTS IN FEDERAL DISBARMENT</u>:

In *Theard v. US*, 354 US 278, 282 (1957) the US Supreme Court held:

> "Disbarment being the very serious business that it is, ample opportunity must be afforded to show cause why an accused practitioner should not be disbarred. If the accusation rests on disbarment by a state court, such determination of course brings title deeds of high respect. **But it is not conclusively binding on the federal courts.…** The short of it is that **disbarment by federal courts does not automatically flow from disbarment by state courts.**"

In 1968, the Supreme Court spoke again in *In re Ruffalo*, 390 US 544, 549 (1968).

> "Though admission to practice before a federal court is derivative from membership in a state bar, **disbarment by the State does not result in**

**automatic disbarment by the federal court.** Though that state action is entitled to respect, it is not conclusively binding on the federal courts."

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

"Disbarment, designed to protect the public, is a punishment or penalty imposed on the lawyer.... **He is accordingly entitled to procedural due process, which includes fair notice of the charge.**" At 550

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

"These are adversary proceedings of a quasi-criminal nature. ...**The charge must be known before the proceedings commence.** At 551

In 2009, this Court spoke to the subject in *In re Cook*, 551 F. 3d 542 (6th Cir. 2009)

"Attorney disciplinary proceedings are not civil actions and not criminal prosecutions. Nevertheless, **disbarment involves "adversary proceedings of a quasi-criminal nature."**.... An attorney facing disbarment thus is "**entitled to procedural due process, which includes fair notice of the charge.**" *Id.* at 550, 88 S.Ct. 1222. In addition, **courts must provide "ample opportunity... to show cause why an accused practitioner should not be disbarred."** at 549

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

"In view of the respect and practical deference afforded to state court judgments, **federal courts may <u>initiate a disciplinary inquiry</u> and even disbarment proceedings based solely on an attorney's disbarment by a state court** ... but it is ultimately **the responsibility of the federal courts to determine whether a member of the federal bar is fit to practice in federal court.**" At 549-550

In 2010, this Court – again – considered reciprocal disbarment between a federal and state court. While a complete de novo hearing in federal court is not required following a state bar disbarment, (1) prior notice to the attorney is

mandatory; (2) the attorney must have the opportunity to appear and respond; and, (3) an independent determination by the federal court is required.

> "Thus, federal courts may give considerable weight to the findings and conclusion of the state courts in such disciplinary matters, **but it is ultimately the responsibility of the federal courts to determine whether a member of the federal bar is fit to practice in federal court.**" at *466*

These requirements are incorporated into this Court's rules. FRAP 46(1),(2) and (3); 6th Cir Rule 46(c)(4), (8), (9) and (10).

There is no dispute that this is NOT what happened below; and, that the bankruptcy judge and Appellee were directly involved. See, Appellant's Brief, DE 6, PP 15-16, ns 33-37. According to the Panel, federal disbarment, in this case, was **"an administrative task"** required by EDMi. Local Rule 83.22(g). Op. P 15. According to the Panel, the requirements of EDMi. Local Rule 83.22(e) is superseded by Local Rule 83.22(g). Op. P16. To "<u>**seal the deal**</u>", the Panel manufactured its own facts: **"the district judge disbarred Tindall under Local Rule 83.22(g) instead."** Op. P 16. Simply, not true; as the record clearly shows.

This herculean effort to dodge the plainly required due process requirements imposed by this Court and the Supreme Court are belied by the express terms of the Local Rule itself. EDMi. Local Rule 83.22(c) speaks directly to the identical events that occurred in this case below:

> "When misconduct ... comes to the attention of a judicial officer, **including a bankruptcy judge** ...whether **by complaint or otherwise**, the judicial officer may refer the matter to: ... (3) **the chief district judge** for initiation of disciplinary proceedings ... **under LR 83.22(e).**"

By the express terms of the EDMi Local Rule, Rule 83.22(e) and its due process/notice requirements, are/were squarely applicable to the actions of the bankruptcy and district court judges below, but were not complied with. The suggested applicability of Rule 83.22(g) in this case is a contrived fantasy.

## CONCLUSION:

The Panel's Opinion in this case is tainted by undisclosed and unauthorized ex parte communications creating a conclusive presumption of prejudice. The Opinion stands in stark contrast to the long established decisions and principles of this Court and the US Supreme Court. Full Court consideration is necessary to maintain uniformity of the Court's decisions.

Dated: 11/18/25

Respectfully Submitted,

/s/ *[signature]*

MICHAEL E. TINDALL
18530 MACK AVE., STE 430
DETROIT, MI 48236
(248)250-8819

Direct Email: met@comcast.net

### CERTIFICATION:

I hereby certify that the foregoing Petition complies with the type-volume limitation provided in FRAP 40(d)(3)(A) and contains 3211 words of Time New Roman (14 point) proportional type prepared with Microsoft Word for Windows 7 Professional Edition.

*[signature]*